Filed 5/30/25  P. v. Rios CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SERGIO RIOS,<br><br>        Defendant and Appellant. | B335515<br><br>(Los Angeles County<br>Super. Ct. No. VA109877) |

APPEAL from an order of the Superior Court of Los Angeles County, Roger Ito, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield, William H. Shin and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

In 2010, Sergio Rios pleaded no contest to second degree murder. In 2023, Rios filed a petition for resentencing under Penal Code[1] section 1172.6, which the superior court denied at the prima facie stage. Rios appeals, contending the court erroneously denied him an evidentiary hearing because it is possible he was convicted based on an imputed malice theory not viable under current law.

We disagree. A person convicted of murder as the actual killer is not eligible for relief under section 1172.6. In *People v. Patton* (2025) 17 Cal.5th 549, our Supreme Court held that a court properly denies a section 1172.6 petition involving a plea at the prima facie stage where there are "unchallenged, relief-foreclosing facts within a preliminary hearing transcript." (*Patton*, at p. 564.) Here, the preliminary hearing transcript shows Rios was prosecuted and convicted as the actual killer, and Rios's petition alleges no facts that might contradict this conclusion.

*Patton* was decided after oral argument in this case and resolved a split of authority on the use of preliminary hearing transcripts at the prima facie stage of a section 1172.6 proceeding. Following the approach adopted in *Patton*, and as requested by Rios in supplemental briefing we ordered regarding *Patton*, we remand to the superior court to consider any additional facts should Rios, within 30 days of remand, seek to supplement his petition. We otherwise conditionally affirm the denial of his petition.

---

[1] All further unspecified statutory references are to the Penal Code.

## POSTCONVICTION RELIEF UNDER SECTION 1172.6

We begin by summarizing section 1172.6, which was enacted in 2018 as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.).[2] The legislation's overall purpose was "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, the bill added section 188, subdivision (a)(3) "to amend the natural and probable consequences doctrine," and added section 189, subdivision (e) "to amend the felony-murder rule." (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843.) Section 188, subdivision (a)(3) provides, "Except as stated in subdivision (e) of [s]ection 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." Section 189, subdivision (e) provides that a person can be held liable for murder based on their participation in the perpetration or attempted perpetration of a felony "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited,

_____

[2] Section 1172.6 was originally codified as section 1170.95. The Legislature renumbered the statute as section 1172.6, with no change in text, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For ease of reference, we use the current citation throughout.

3

requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [s]ection 190.2."  These amendments to sections 188 and 189 became effective January 1, 2019.  (Stats. 2018, ch. 1015, §§ 2, 3.)

Section 1172.6 allows a defendant convicted of murder under a theory now precluded by section 188 or 189 to petition to vacate their conviction and be resentenced on any remaining counts.  A defendant must initially make a prima facie showing of eligibility for relief by demonstrating they can satisfy three criteria: first, that they were charged by a complaint, information, or indictment "that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)); second, that they "w[ere] convicted of murder . . . or accepted a plea offer in lieu of a trial at which [they] could have been convicted of murder" (*id.*, subd. (a)(2)); and third, that they "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)).  If the defendant makes a prima facie showing satisfying all three criteria, the resentencing court must issue an order to show cause and hold an evidentiary hearing at which the burden is on the prosecution to prove beyond a reasonable doubt that the defendant is ineligible for resentencing.  (*Id.*, subds. (c), (d).)

4

## FACTUAL BACKGROUND AND PROCEEDINGS BELOW[3]

### A.     The Murder Charge and Plea

On June 1, 2008, Cynthia Vargas was shot in the head and later died from her wound.  The district attorney charged Rios with Vargas's murder.

At the preliminary hearing held on July 27, 2009, two investigating officers from the Huntington Park Police Department testified.  Officer Alonso Gonzalez testified that in the early morning hours of June 1, 2008, he responded to a call regarding a shooting and found Rios at a residence with a female, later identified as Vargas, who was bleeding from a head wound and was not responsive.  Rios initially stated to Officer Gonzalez that Vargas had shot herself, and then later stated she had been shot by a masked intruder.  Officer Gonzalez observed a spent .38 caliber casing on the bed, and later found a .38 caliber handgun in a trash can located in an alley behind the residence.  Detective Miguel Navia testified that he took Rios to the police station, where he and another detective interviewed Rios.  Rios waived his *Miranda* rights[4] and admitted that he had been holding the gun when Vargas was shot.  At the conclusion of the preliminary hearing, the court held Rios to answer for the charge.

On August 10, 2009, the People filed an information charging Rios with one count of murder (§ 187, subd. (a)), with enhancements for personal use of a firearm under section 12022.53, subdivisions (b), (c), and (d).

---

[3] We summarize only the facts and procedural history relevant to our resolution of this appeal.

[4] *Miranda v. Arizona* (1966) 384 U.S. 436 (86 S.Ct. 1602, 16 L.Ed.2d 694).

On February 9, 2010, Rios pleaded no contest to second degree murder (§ 187, subd. (a)) and admitted a personal firearm use enhancement allegation under section 12022.5, subdivision (a).[5] Through his counsel, Rios stipulated to a factual basis for the plea as set out in the police reports and the preliminary hearing transcript. The court found a factual basis for the plea and accepted both the plea and Rios's waivers on the record, finding them to have been knowingly, intelligently, and voluntarily made. The court later sentenced Rios to an aggregate prison term of 18 years to life in accordance with the plea agreement.

We affirmed Rios's conviction in an unpublished decision. (*People v. Rios* (Dec. 17, 2010, B224352) [nonpub. opn.].)

## B. The Section 1172.6 Petition

On February 21, 2023, Rios filed a form resentencing petition. By checking boxes on the form, Rios alleged he satisfied the criteria for relief under section 1172.6. The trial court appointed counsel to represent Rios.

The People filed a response to Rios's petition in which they contended the court should summarily deny the petition because Rios was prosecuted for murder as the actual perpetrator. The People relied on our decision affirming Rios's conviction, a transcript of the preliminary hearing, and a transcript of Rios's no contest plea. Rios did not file any reply to the People's response.

---

[5] On that date, the People filed an amended information which additionally alleged a personal firearm use enhancement under section 12022.5, subdivision (a).

At the hearing on Rios's petition on October 6, 2023, the court inquired of Rios and his counsel whether there was anything they wanted to add to Rios's petition, and they both declined.  The court then summarily denied the petition, concluding Rios was ineligible for relief as a matter of law because his record of conviction showed he was "the personal killer, . . . the individual [who was] responsible for the murder himself."  (See § 1172.6, subd. (c).)

## DISCUSSION

### A.  Standard of Review

In reviewing the summary denial of a section 1172.6 petition, " '[w]e independently review a trial court's determination on whether a petitioner has made a prima facie showing.' [Citation.]"  (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1174.)  Because we conduct an independent review, "we may affirm a ruling that is correct in law on any ground.  [Citation.]"  (*People v. Cortes* (2022) 75 Cal.App.5th 198, 204, fn. omitted.)

### B.  Rios Fails to Make a Prima Facie Case for Relief under Section 1172.6

When a defendant files a facially sufficient petition for resentencing, as Rios has done here, the trial court must first determine whether the defendant has made a prima facie case for relief.  (§ 1172.6, subd. (c).)  At this stage, the trial court must " ' "take[] [the] petitioner's factual allegations as true" ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971) and may "not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]"  (*Id.* at p. 972.)  The prima facie stage sets a " 'very low' " bar for defendants to clear (*ibid.*), but it nevertheless serves an important role in "ensuring that clearly

7

meritless petitions can be efficiently addressed as part of a single-step . . . review process" without requiring an evidentiary hearing (*id.* at p. 971).

A defendant's bare assertion that he meets the criteria of section 1172.6, subdivision (a) does not satisfy the prima facie showing when the record of conviction contradicts that assertion. Our Supreme Court has made clear that " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner" ' " and denying the petition at the prima facie stage. (*People v. Lewis, supra,* 11 Cal.5th at p. 971.) In another case, the high court independently reviewed the record and affirmed the denial of a petition at the prima facie stage because "the record . . . makes clear that [the defendant] was the actual killer and the only participant in the killing." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233.)

The People contend that Rios has failed to make a prima facie showing he is eligible for relief under section 1172.6 because the preliminary hearing transcript (which is part of the record of conviction) contradicts his conclusory allegations that he was convicted on a theory of murder which is no longer valid as a result of Senate Bill No. 1437. We agree. Based on our independent review of the record, Rios has not made a prima facie showing for relief under section 1172.6 because the preliminary hearing transcript demonstrates he was convicted as the actual killer. Officer Gonzalez testified that he responded to a call regarding a shooting and found Rios at a residence where Vargas lay bleeding from a wound to the head. Rios told Officer Gonzalez conflicting versions of what had happened—first that

Vargas had shot herself and then that she had been shot by a masked intruder. Detective Navia testified that later, during an interrogation at the police station, Rios admitted that he had been holding the gun when Vargas was shot. The preliminary hearing transcript includes a stipulation by Rios's counsel that the medical examiner who performed the autopsy on Vargas would testify that she died as the result of a single gunshot wound to the head.

There was no evidence at the preliminary hearing that suggested Rios acted in concert with anyone else before Vargas was shot. Rios does not dispute that the testimony introduced at the preliminary hearing indicates he personally committed the murder, as opposed to being involved as an accomplice. He also does not dispute that his counsel stipulated to the preliminary hearing transcript being a factual basis for his plea and conviction.

Because the record of conviction showed Rios was the actual killer, and he supplied no contradictory evidence other than his bald assertions of entitlement to resentencing relief, he has failed to make a prima facie showing as required by section 1172.6 because an actual killer can be convicted of murder under current law. (§ 189, subd. (e)(1); see *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 233 [the defendant was "not entitled to any relief under [§] 1172.6" because he "was the actual killer and the only participant in the killing"]; *People v. Strong* (2022) 13 Cal.5th 698, 710 [§ 1172.6 resentencing "relief is unavailable if the defendant was . . . the actual killer"].)

Rios contends he was entitled to an evidentiary hearing because he could have been prosecuted and/or convicted for second degree murder under a now invalid felony-murder theory.

We disagree.  The preliminary hearing transcript discloses no evidence of a felony that could have supported a felony-murder theory at the time of his conviction.  The only crime other than murder the transcript indicates is that Rios initially lied to police about how the murder occurred.  Putting aside that such a crime is generally not a felony but a misdemeanor (e.g., § 148.5, subd.(a)), it could not provide a basis for a felony-murder prosecution as those false statements occurred after the murder and were not inherently dangerous to human life.  (E.g., *People v. Patterson* (1989) 49 Cal.3d 615, 620-621 [former second degree felony murder required the commission of felony inherently dangerous to life that directly caused the homicide].)  Rios's reliance on *People v. DeHuff* (2021) 63 Cal.App.5th 428 is inapposite because the defendant in that case was charged with "second degree felony murder based on evading an officer by driving with reckless disregard for the safety of persons or property" in violation of Vehicle Code section 2800.2, subdivision (a).  (*DeHuff*, at p. 442.)  The court held the defendant "could not be convicted of second degree felony murder based on a violation of [Vehicle Code] section 2800.2, subdivision (a)" under present law because that statute "is not among the enumerated crimes in section 189, subdivision (a) that may still serve as a basis for a felony-murder conviction under certain circumstances."  (*Ibid.*, fn. omitted.)  Thus, the defendant could no longer be convicted of murder based on an underlying violation of Vehicle Code section 2800.2, subdivision (a) even though he was the actual killer in that he personally caused the victim's death by driving recklessly.

At the time Rios filed his appeal, there was a split of authority concerning the extent to which a trial court could

10

consider a preliminary hearing transcript in determining whether a petitioner has made a prima facie showing of eligibility for relief under section 1172.6.  Rios, relying on one line of authority, contended that his petition could not be denied based on facts from the preliminary hearing transcript.  After oral argument, however, our high court issued *Patton*, which decided the issue adversely to Rios.  (*People v. Patton, supra*, 17 Cal.5th at p. 564.)  In that case, Patton pleaded no contest to attempted murder and later petitioned for resentencing under section 1172.6.  (*Patton*, at pp. 557, 559.)  The trial court and the Court of Appeal denied the petition at the prima facie stage because the preliminary hearing transcript demonstrated Patton was the sole participant in the attempted murder, he admitted discharging a firearm in the commission of the crime, and he did not allege any contradictory facts or inferences in his petition to show he did not act alone.  (*Id.* at pp. 557, 559-560.)  The Supreme Court agreed.  It confirmed that "the record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea" (*id.* at p. 568) and held that "statements within Patton's preliminary hearing transcript contributed specific factual assertions about his conviction— namely, that it was premised on him being the sole shooter." (*Id.* at p. 569.)  Therefore, the trial court had not engaged in "impermissible factfinding and correctly concluded Patton had not, on the record before it, made a prima facie showing."  (*Ibid*.) The court held, "petitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail."  (*Id*. at p. 567.)

11

*Patton* dictates the conclusion that Rios has failed to make a prima facie showing he is entitled to relief under section 1172.6. Rios pleaded no contest to second degree murder and the preliminary hearing transcript shows his conviction "was premised on him being the sole shooter." (*People v. Patton*, *supra*, 17 Cal.5th at p. 569.) Rios did not allege any facts or differing inference in his petition to contradict this conclusion.[6]

## C. Remand to Allow Rios an Opportunity to Plead Additional Facts

The *Patton* court, acting "out of an abundance of caution" and in response to Patton's request at oral argument "to be permitted to plead additional facts," "order[ed] a remand to the superior court with directions for that court to consider an amended petition should Patton, within 30 days of that remand, seek to file one." (*People v. Patton*, *supra*, 17 Cal.5th at pp. 569-570.) We solicited supplemental briefing from the parties regarding the possibility of allowing Rios an opportunity to plead

---

[6] Rios contends that the summary denial of his petition violated his constitutional procedural due process rights. However, he presents no argument or authority to support the proposition that the process he was afforded, which included the ability to file a petition with the trial court and, with the assistance of appointed counsel, a reply, and to present argument and evidence to the court in a hearing, and which we conclude complied with California law as set out in section 1172.6, was constitutionally inadequate. Thus, we consider this argument to be abandoned. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellate court may "treat [an] issue as abandoned" where a party makes a "conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case"].)

additional facts.  In response, Rios requested such an opportunity, arguing that we should grant his request because the Supreme Court granted a similar request in *Patton*.  The People contend that "no new factual averments that [Rios] may make will render him eligible for relief [under section 1172.6]," but state they "do[] not oppose [Rios]'s request to remand so that he may supplement his petition."  We accordingly will remand to the superior court to give Rios the opportunity to provide additional facts to show that, contrary to the facts established by the preliminary hearing transcript, he was not prosecuted as the actual killer.  (See *People v. Glass* (2025) 110 Cal.App.5th 922, 930 [remanding to provide the § 1172.6 petitioner an opportunity to plead additional facts because he "did not have the benefit of *Patton*'s guidance during the prima facie stage before the trial court"].)

**DISPOSITION**

The order denying Rios's resentencing petition is conditionally affirmed. If Rios files an amended petition for resentencing within 30 days after remand that pleads additional facts, the court shall vacate its order denying the original petition and consider the additional facts in determining whether Rios has made a prima facie case for relief under section 1172.6; if Rios fails to file an amended petition, the order denying the resentencing petition shall be final.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.

14